<em>Case 1:07-cv-03733-WHP Document 1 Filed 05/11/2007 Page 1 of 7</em>



*Judge Pauley*

**07 CV 3733**

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: ANNA E. ARREOLA
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2218

MAY 1 1 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,           :    VERIFIED COMPLAINT

            - v -                   :    07 Civ.

$9,517.53 IN UNITED STATES          :
CURRENCY, AND
                                    :
$55,250.00 IN UNITED STATES
CURRENCY,                           :

            Defendants-in-rem.      :
------------------------------------X

    Plaintiff United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

    I. JURISDICTION AND VENUE

    1. This action is brought by the United States of America pursuant to 21 U.S.C. § 881(a)(6) seeking the forfeiture of $9,517.53 in United States currency ("DEFENDANT CURRENCY-1") and $55,250.00 in United States currency ("DEFENDANT CURRENCY-2") (together, the "DEFENDANT CURRENCIES"), on the ground that the DEFENDANT CURRENCIES constitute moneys furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys used or intended to

be used to facilitate such an exchange.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue is proper under 28 U.S.C. §§ 1355(b) and 1395(b) because actions and omissions giving rise to the forfeiture took place in the Southern District of New York and because the DEFENDANT CURRENCIES were found and seized in the Southern District of New York.

4. The DEFENDANT CURRENCIES are currently in the custody of the United States Marshals Service.

## III. PROBABLE CAUSE FOR FORFEITURE

5. On or about November 20, 2006, at approximately 9:40 p.m., police officers from the Town of New Windsor Police Department ("NWPD") responded to a report of a domestic dispute at the residence of Brennan N. Gasparini ("GASPARINI"), located at 71 Barclay Plaza, Apt. 7, New Windsor, New York (the "Apartment"). During the domestic dispute, GASPARINI pointed a shotgun at his roommate, threatened to kill her, and accused her of stealing money from him. He left the Apartment before police arrived. Police officers smelled marijuana in the hallway leading up to the Apartment.

6. While the police officers were at the scene investigating the domestic dispute, GASPARINI returned to the Apartment in a 1997 Ford Ranger (the "Vehicle") and was placed

under arrest for menacing. He was transported to NWPD headquarters. A K-9 trained in narcotics detection did an exterior check of the Vehicle and indicated the presence of narcotics.

7. Police officers obtained a search warrant for the Apartment, which they executed on or about November 21, 2006. Inside, they found, among other things, a loaded shotgun, hundreds of rounds of assorted ammunition, magazines, a holster, two plastic bags containing approximately 7 ounces of marijuana, a scale, 2 gasoline containers with hollowed-out bottoms containing marijuana residue, a Foodsaver vacuum sealer, a roll of vacuum sealer packaging material, and the DEFENDANT CURRENCY-1.

8. The DEFENDANT CURRENCY-1 consisted of 14 one hundred dollar bills, 11 fifty dollar bills, 210 twenty dollar bills, 54 ten dollar bills, 200 five dollar bills, and an assortment of one and two dollar bills and coins. The DEFENDANT-CURRENCY-1 was found in various locations inside the Apartment, including, for example, a Quaker Oats container and a pair of shorts.

9. Police officers also found letters, receipts, and two keys relating to storage bin number 76 (the "Storage Bin") that was being leased by GASPARINI at a Public Storage Facility located at 1059 Route 94 in the Town of New Windsor.

10. On November 21, 2006, NWPD police officers spoke

with GASPARINI. After waving his <u>Miranda</u> rights, he stated, in substance and in part, that he had a storage bin where he kept his personal property but that the storage bin did not contain contraband, weapons, and/or drugs. GASPARINI consented to a search of the storage bin.

11. On or about November 21, 2006, police officers from the NWPD visited the Storage Bin. There, a drug-detection K-9 from the City of Newburgh Police Department positively confirmed the presence of narcotics. The police officers then executed a search of the Storage Bin, inside of which they located mail in GASPARINI's name, a single high-powered rifle round and a black camouflage backpack that contained the DEFENDANT CURRENCY-2.

12. The DEFENDANT CURRENCY-2 consisted of 106 one hundred dollar bills, 150 fifty dollar bills, 1827 twenty dollar bills, 50 ten dollar bills, and 22 five dollar bills.

13. On November 21, 2006, GASPARINI was charged in New Windsor Town Court with menacing, criminal possession of a weapon, and criminal possession of marijuana.

14. On or about February 15, 2007, the Drug Enforcement Administration received two claims from GASPARINI-one for DEFENDANT CURRENCY-1 and the other for DEFENDANT CURRENCY-2. In both claims, GASPARINI stated, in substance and in part and under penalty of perjury, that he is the rightful owner of the currency, that the currency constitutes "savings and property

which are the assets of a legitimate business which has been seized," and that the currency "does not constitute the fruits of any illegal activity."

IV. <u>FIRST CLAIM FOR FORFEITURE</u>

15. The allegations contained in paragraphs one through fourteen of the Complaint are incorporated herein.

16. Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such property.

17. The DEFENDANT CURRENCIES are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because they constitute moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code.

18. By reason of the above, the DEFENDANT CURRENCIES became, and are, subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the DEFENDANT CURRENCIES and that all persons having an interest in the

DEFENDANT CURRENCIES be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the DEFENDANT CURRENCIES to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
       May 10, 2007

                            MICHAEL J. GARCIA
                            United States Attorney for the
                            Southern District of New York
                            Attorney for the Plaintiff
                            United States of America

By: *Anna E. Arreola*
     ANNA E. ARREOLA
     Assistant United States Attorney
     One St. Andrew's Plaza
     New York, New York 10007
     Telephone: (212) 637-2218

VERIFICATION

STATE OF NEW YORK            )
COUNTY OF NEW YORK           :
SOUTHERN DISTRICT OF NEW YORK )

Nelson J. Saldana, being duly sworn, deposes and says that he is an investigator with the New York State Police, that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his knowledge, information, and belief.

The sources of deponent's information and the grounds of his belief are official records and files of the Town of New Windsor Police Department and the United States, and discussions with and documents prepared by other law enforcement officers.

_____
Investigator Nelson J. Saldana
New York State Police

Sworn to before me this
10th day of May, 2007

_____
NOTARY PUBLIC

JILL M. KAYLOR
Notary Public, State of New York
No. 01KA5040839
Qualified in Queens County
Commission Expires March 20, 2011